IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Carlos Gomez, on behalf of** ) <br> **himself and all others similarly situated,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) **Civil Action No.** <br> ) <br> **D & M Bolanos Drywall, LLC,** ) <br> **Mirna Bolanos, individually,** ) <br> **David Bolanos, individually, and** ) <br> **Benjamin Ward, individually,** ) <br> ) <br> **Defendants.** ) | |

**VERIFIED COMPLAINT**
**FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Carlos Gomez (hereinafter "Plaintiff" or "Mr. Gomez") on behalf of himself and all others similarly situated, by and through counsel, and for his Complaint against Defendants D & M Bolanos Drywall, LLC, Mirna Bolanos, David Bolanos, and Benjamin Ward (hereinafter collectively "Defendants"), states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this collective action against Defendants under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff brings this collective action, on behalf of himself and all others similarly situated, against Defendants for unpaid wages, overtime compensation, and related penalties and damages.

Doc ID: da9a525bfd046d53ab3bce17df3a9de91eeda219

3. Plaintiff alleges that Defendants' payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. For said violations, Plaintiff seeks, on behalf of himself and all others similarly situated, declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Carlos Gomez is an adult resident of Memphis, Tennessee.

6. Plaintiff and prospective members of the collective are current and former individuals employed by Defendants on an hourly basis who were denied the statutorily required overtime premium for all hours worked in excess of forty hours in a workweek.

7. Upon information and belief, Defendant Mirna Bolanos is an adult resident of Memphis, Tennessee.

8. Upon information and belief, Defendant David Bolanos is an adult resident of Memphis, Tennessee.

9. Upon information and belief, Defendant Benjamin Ward is an adult resident of Senatobia, Mississippi.

10. D & M Bolanos Drywall, LLC is a Tennessee-based company, and may be reached for service through its registered agent, Mirna Bolanos, 4222 Running Brook Circle, Memphis, Tennessee 38141-7039

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

12. Defendant D & M Bolanos Drywall, LLC is a legal entity incorporated in the State of Tennessee, is subject to service of process in Tennessee, and does business in the state of

Doc ID: da9a525bfd046d53ab3bce17df3a9de91eeda219

Tennessee. Therefore, this Court has personal jurisdiction over Defendant D & M Bolanos Drywall, LLC.

13. Upon information and belief, Defendant Mirna Bolanos is a resident of Tennessee and, consequently, this court has personal jurisdiction over her.

14. Upon information and belief, Defendant David Bolanos is a resident of Tennessee and, consequently, this court has personal jurisdiction over him

15. Upon information and belief, Defendant Benjamin Ward is a resident of Mississippi. This claim arises from his business transactions and supply of services in the state of Tennessee and, consequently, this court has personal jurisdiction over him.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's and prospective members of the collective's claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings this Complaint as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all hourly-paid employees who are or were employed by Defendant for the period of three years prior to the commencement of this action to the present, and who are or were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

18. This Complaint may be brought and maintained as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because his claims are similar to collective action members or putative collective action members.

19. Plaintiff, collective action members, and putative collective action members are similarly situated because they worked as hourly-paid employees for Defendants and were subject to Defendants' common practice, policy, or scheme of misclassification and failure to

Doc ID: da9a525bfd046d53ab3bce17df3a9de91eeda219

pay overtime wages for all hours worked over forty in a workweek.

## FACTUAL BACKGROUND

20. Upon information and belief Defendant Benjamin Ward owns, operates, and manages an unregistered business under the name Interior Finish Systems.

21. Upon information and belief, prior to 2022, Defendants Miriam Bolanos and David Bolanos owned and operated an unregistered business under the name Drywall Finishing Interiors.

22. Upon information and belief Defendants Miriam Bolanos and David Bolanos registered their business with the Tennessee Secretary of State and renamed it D & M Bolanos Drywall, LLC.

23. In March 2017, Defendants jointly employed Mr. Gomez to work as a Foreman.

24. As Foreman, Mr. Gomez was expected to supervise other employees, report on job status and timeframes, meet with project managers, as well as pick-up and deliver materials to painters.

25. Defendants paid its employees, including Mr. Gomez, as though they were independent contractors, using Form 1099.

26. Defendants employ several foreman and dozens of painters, drywall installers, finishers, and ceiling specialists.

27. All of these workers, including Mr. Gomez, were and are paid an hourly rate for all hours worked.

28. None of these workers are paid an overtime premium for hours worked over forty in a workweek.

29. From approximately 2017 to May 2021, Defendants paid Mr. Gomez an hourly rate of

Doc ID: da9a525bfd046d53ab3bce17df3a9de91eeda219

$20.00.

30. From approximately May 2021 to August 2022, Defendants paid Mr. Gomez an hourly rate of $21.00.

31. From approximately August 2022 onwards, Defendants paid Mr. Gomez an hourly rate of $22.00.

32. Defendants regularly scheduled employees, including Mr. Gomez, to work seven days per week, from 7:00am to 5:30pm.

33. As Foreman, Mr. Gomez regularly worked an average of 64 hours per week.

34. Defendants required their employees, including Mr. Gomez, to request time-off from Defendant Benjamin Ward.

35. Defendants required their employees, including Mr. Gomez, to turn in a weekly time-sheet of their hours worked to Defendant David Bolanos.

36. Throughout his employment, Mr. Gomez repeatedly complained to Defendants about his long hours and lack of overtime pay.

37. On or about April 18, 2023, Mr. Gomez asked Defendant David Bolanos to pay him the appropriate overtime premium and to pay him using the appropriate withholding and Form W-2.

38. In response, Defendant David Bolanos told Mr. Gomez that Defendant Benjamin Ward does not and will not ever pay his workers overtime wages.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

40. At all relevant times, Defendant D & M Bolanos Drywall, LLC was an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §

Doc ID: da9a525bfd046d53ab3bce17df3a9de91eeda219

203(s)(1).

41. At all relevant times, Defendants Mirna Bolanos, David Bolanos, and Benjamin Ward were employers within the meaning of the FLSA, 29 U.S.C. §203 (d).

42. At all relevant times, Defendants employed Plaintiff and all other similar situated employees, within the meaning of FLSA, 29 U.S.C. § 203(e)-(g).

43. The FLSA requires that covered employers, including Defendants, compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

44. At all relevant times, Defendants improperly classified and paid Plaintiff and all other similarly situated employees as independent contractors.

45. At all relevant times, Plaintiff and all other similarly situated employees did not satisfy the criteria for independent contractors under the FLSA.

46. At all relevant times, Plaintiff and similarly situated employees were non-exempt employees within the meaning of the FLSA, 29 U.S.C. § 213.

47. At all relevant times, Plaintiffs and similarly situated employees were entitled to an overtime premium at a rate of not less than one and one-half their regular rate of pay for work performed in excess of forty hours in a work week

48. During the relevant period, Plaintiff and those similarly situated to him often worked more than forty hours per week.

49. Defendants willfully failed and refused to pay Plaintiff and similarly situated employees an overtime premium for all hours worked over forty in any given workweek.

50. As a result of Defendants' failure to compensate Plaintiff and similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the

Doc ID: da9a525bfd046d53ab3bce17df3a9de91eeda219

FLSA, 29 U.S.C. § 207(a)(1).

51. When Plaintiff explicitly requested overtime pay, Defendants denied his request, stating that Defendant Benjamin Ward does not and never would pay his workers overtime wages.

52. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

53. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Carlos Gomez and employees similarly situated to him pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;
2. Pre-judgment interest, as provided by law;
3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;
4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;
5. Designation of himself as Representative Plaintiff of the collective in this FLSA representative action;
6. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Doc ID: da9a525bfd046d53ab3bce17df3a9de91eeda219

Respectfully submitted,

_s/Philip Oliphant_____
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

Doc ID: da9a525bfd046d53ab3bce17df3a9de91eeda219

## DECLARATION AND VERIFICATION

I, **Carlos Gomez**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Carlos Gomez**

Date: 05 / 24 / 2023

Doc ID: da9a525bfd046d53ab3bce17df3a9de91eeda219

**Dropbox Sign**                                                                        Audit trail

| | |
|---|---|
| Title | For Signature: Gomez- Revised FLSA Complaint |
| File name | Gomez - Revised F...t - 5.24.2023.pdf |
| Document ID | da9a525bfd046d53ab3bce17df3a9de91eeda219 |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

## Document History

**SENT**  
**05 / 24 / 2023**  
13:58:18 UTC-5  
Sent for signature to Carlos Gomez (primepaintingn1@gmail.com) from jlc@cronelawfirmplc.com  
IP: 173.166.195.225

**VIEWED**  
**05 / 24 / 2023**  
14:02:43 UTC-5  
Viewed by Carlos Gomez (primepaintingn1@gmail.com)  
IP: 107.77.232.77

**SIGNED**  
**05 / 24 / 2023**  
14:19:35 UTC-5  
Signed by Carlos Gomez (primepaintingn1@gmail.com)  
IP: 107.77.232.77

**COMPLETED**  
**05 / 24 / 2023**  
14:19:35 UTC-5  
The document has been completed.

Powered by **Dropbox Sign**