IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| CARLOS GOMEZ, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Case No. 2:23-cv-02334 |
| D&M BOLANOS DRYWALL, LLC, MIRNA BOLANOS, individually, DAVID BOLANOS, individually, and BENJAMIN WARD, individually, | ) ) ) ) ) |
| Defendants. | ) ) |

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR COURT-APPROVED NOTICE TO OTHER EMPLOYEES AND TO EQUITABLY TOLL THE STATUTE OF LIMITATIONS**

---

This is an employment suit brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. Before the Court is Plaintiff Carlos Gomez's December 6, 2023 Motion for Court-Approved Notice to Other Employees and to Equitably Toll the Statute of Limitations (the "Motion"). Defendants D&M Bolanos Drywall, LLC; Mirna Bolanos; David Bolanos; and Benjamin Ward (collectively "Defendants") do not object to Plaintiff's Motion. (ECF Nos. 25, 28.) For the reasons below, Plaintiff's Motion is GRANTED.

## I.   Background

Plaintiff filed an Amended Complaint on July 13, 2023, alleging that Defendants had violated the FLSA by

mischaracterizing their employees as independent contractors to avoid properly compensating them for overtime work. (See generally ECF No. 12.) Plaintiff asked to be designated the representative plaintiff in a collective action comprised of "current and former individuals employed by Defendants on an hourly basis who were denied the statutory required overtime premium for all hours worked in excess of forty hours in a workweek." (Id. at 1, ¶ 6; 9.)

In the instant Motion, Plaintiff seeks permission to notify others about the pending action, allowing eligible employees to opt into the collective. (ECF No. 24 at 1.) Plaintiff seeks permission to notify "[a]ll individuals employed and paid by D&M Bolanos Drywall, LLC from May 25, 2020 to present in jobs involving painting and construction who were compensated on an hourly basis and who were not paid an overtime premium for all hours worked in excess of forty hours in a work week." (Id.) Plaintiff seeks an order directing Defendants to provide a list of the employees who may be part of this class and has asked permission to mail both notice forms and consent-to-join forms to those on the list. (Id. at 1-2.) The proposed forms are attached to the Motion for the Court's review. (ECF No. 24, Ex.'s A-C.) Plaintiff also moves for the statute of limitations for the potential plaintiffs be tolled as of the date that this action was filed, and for the consent forms to be deemed "filed" on the date that they are postmarked. (ECF No. 24 at 2.)

2

Defendants D&M Bolanos Drywall, LLC ("D&M"); Mirna Bolanos; and David Bolanos filed their response on January 5, 2024, stating that they do not contest the Plaintiff's request for notice and expressly reserving all relevant defenses.  (ECF No. 25.)  On February 7, 2024, Defendant Benjamin Ward filed a response consenting to court-approved notice under the terms in Plaintiff's Motion and reserving all relevant defenses.  (ECF No. 28.)

## II.  Standard of Review

To participate in an FLSA collective action, an employee must "opt in," by consenting in writing to join the suit.  Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 167-68 (1989) (analyzing the Age Discrimination in Employment Act, 29 U.S.C. § 621, which incorporates the enforcement provisions of the FLSA).  The statute of limitations runs on each employee's claim until his or her consent to opt in is filed with the district court.  Musarra v. Digital Dish, Inc., No. C2-05-545, 2008 WL 81692 at *2 (S.D. Ohio Mar. 24, 2008).  The Supreme Court has authorized district courts to facilitate notice to potential plaintiffs in collective actions under the FLSA.  Hoffmann-La Roche, 493 U.S. at 169-70.  Because district courts have a "managerial responsibility to oversee the joinder of additional parties," they can "monito[r] the preparation and distribution" of the opt-in notice, provided that they do so in a manner that is "distinguishable in form and function from the solicitation of claims."  Id. at 171.

3

The party seeking notice has the burden to show a "strong likelihood" that the potential opt-in plaintiffs are similarly situated to the named plaintiffs. Clark v. A&L Homecare and Training Ctr., LLC, 68 F.4th 1003, 1011 (6th Cir. 2023). That burden is lower than the burden required to show a preponderance of the evidence, but greater than the burden necessary to create a genuine issue of fact. Id. Plaintiffs are similarly situated "when the suffer from a single, FLSA-violating policy." Monroe v. FTS USA, LLC, 860 F.3d 389 (6th Cir. 2017). Whether employees are similarly situated is a fact-specific inquiry and depends on factors such as whether they performed the same tasks, were subject to the same timekeeping and compensation policies, and were subject to the same defenses. Clark, 68 F.4th at 1010.

## III. Analysis

### A. Plaintiff's Motion for Court-Approved Notice to Other Employees is Granted

Plaintiff has provided a signed declaration in which he represents that, as a foreman, he distributed paychecks each week and knew firsthand that workers were paid "with straight time . . . and no overtime premium" for more than forty hours worked in a work week. (ECF No. 24-5 at 2, ¶ 11.) Plaintiff swears that Defendant Ward supervised foremen who, in turn, directed subcontractors from three different companies. (Id. at 1, ¶ 3.) Plaintiff represents that employees across all three

subcontractors were treated as "largely interchangeable" and were paid under the same pay scheme.  (Id. at 2, ¶¶ 6, 12.)

Typically, plaintiffs who have prevailed in meeting the "substantial likelihood" standard have provided more evidence than Plaintiff has provided here.  See, e.g., Polen v. JSW Steel USA Ohio, Inc., No. 2:22-cv-00085, 2023 WL 6860399, at *5 (S.D. Ohio Oct. 18, 2023) (finding substantial likelihood that potential plaintiffs were similarly situated to named plaintiff where seven declarants swore that they had performed extra work outside their scheduled hours without compensation); Hogan v. Cleveland Ave. Rest., Inc., No. 2:15-cv-2883, 2023 WL 5745439, at *8 (S.D. Ohio, Sept. 6, 2023) (finding that plaintiffs met the substantial-likelihood standard based on two declarations and probative testimony of five defendants); Isaacs v. Landmark Recovery of Louisville, LLC, No. 3:23-cv-00210, 2023 WL 6096730, at *6, 11-12 (M.D. Tenn., Sept. 18, 2023) (finding that plaintiffs met the substantial-likelihood standard by providing eleven declarations and circumstantial evidence from defendant's corporate policy).  Nevertheless, "it is the substance of the declarations, not the quantity, that matters." Polen, No. 2023 WL 6860399 at *5.  At least two courts have opined that a plaintiff's declaration, alone, can establish that employees are similarly situated, providing the plaintiff had actual, firsthand knowledge of a company policy that violates the FLSA.  Rashad v. Mason's

Prof'l Cleaning Serv., LLC, No. 2:22-cv-02635-JTF-tmp, 2023 WL 5154534, at *3 (W.D. Tenn. Aug. 10, 2023); Jenkins v. EVO Servs. Grp., LLC, No. 2:23-cv-01874, 2023 WL 8185965, at *2 (S.D. Ohio Nov. 27, 2023) (finding that a named plaintiff's "first-hand observations . . . will typically be enough to show that a similarly situated class of employees exists").

Plaintiff's declaration establishes a substantial likelihood that he is similarly situated to the potential plaintiffs he seeks to notify.  Plaintiff's declaration that, as a foreman, he distributed paychecks every week and knew firsthand that workers were not adequately compensated for overtime, permits the Court to conclude that he had "actual knowledge about other employees' job duties, pay structures, hours worked, and whether they were paid for overtime hours." Rashad, 2023 WL 5154534, at *3 (quoting Foley v. Wildcat Invs., LLC, No. 2:21-cv-5234, 2023 WL 4485571, at *3 (S.D. Ohio Jul. 12, 2023)).  Plaintiff's declaration that all workers were subject to the same payment practices, workers often worked for more than one subcontractor, and were treated "interchangeabl[y]," supports the inference that all potential plaintiffs "suffer[ed] from a single, FLSA-violating policy." Polen, 2023 WL 6860399 at *5; (ECF No. 24-5 at 2, ¶¶ 11-12.) Defendants do not object to Plaintiff's request for Court-facilitated notice and do not submit evidence disputing that Plaintiff is similarly situated to the employees he seeks to

notify.  (ECF Nos. 25, 28); cf. Woods v. First Transit, Inc., No.
1:21-cv-739, 2023 WL 6290781, at (N.D. Ohio, Sept. 27, 2023)
(denying request for notice where defendant provided its own
declarations contradicting plaintiff's "five self-serving
declarations").

Plaintiff has attached to the Motion a proposed Opt-in Notice,
Opt-in Consent Form, and Opt-in Reminder.  (ECF No. 24 at Ex.'s A-
C.)  The forms are directed to the appropriate class, and
Defendants do not object to their content.  O'Bryant v. ABC Phones
of N.C., Inc., No. 19-cv-02378-SHM-tmp, 2020 WL 7634780, at *11
(W.D. Tenn. Dec. 22, 2020) (finding that "[c]ourts often rely on
agreement between the parties on language for notice and consent
forms to serve as a check against improper forms"); Van Buren v.
Historic Images, Inc., No. 2:20-cv-02917-MSN-cgc, 2022 WL 1632659,
at *4 (W.D. Tenn., May 23, 2022) (approving notice and consent
form because parties had resolved all disputes about their
contents).  Plaintiff's request to provide court-facilitated
notice to the identified class is GRANTED, and Plaintiff is
authorized to use the proposed forms to contact potential
plaintiffs by mail and by email.

### B. Defendant is Directed to Provide the Requested Information About Potential Plaintiffs

Courts have the authority to initiate the discovery necessary
to facilitate notice to potential plaintiffs, including by court

order if necessary. <u>Clark</u>, 68 F.4th at 1011; <u>Cordell v. Sugar Creek Packing Co.</u>, 2:21-cv-00755, 2023 WL 5918753, at *3 (S.D. Ohio Sept. 11, 2023); <u>Springer v. Kirchoff Automotive USA, Inc.</u>, No. 2:23-cv-10350, 2024 WL 111782, at *3 (E.D. Mich. Jan. 10, 2024). Plaintiff has asked Defendants to produce a list of the names, last known addresses, last known email addresses, and last known phone numbers for the class of employees designated as potential plaintiffs. (ECF No. 24 at 1-2.) Defendants do not object to that request. (ECF No. 25 at 2; No. 28.)

Defendants have asked for the later of 30 days from the date of their response or 10 days after the entry of the Order to produce the requested information. Because more than 30 days have elapsed since Defendants filed their January 5 response, Defendants' disclosures are due 10 days following the entry of this Order. (ECF No. 25 at 2.) Defendants represent that only Mirna Bolanos, rather than D&M, paid workers during the relevant time period. (Id. at 1-2.) Defendants suggested that both Mirna Bolanos and D&M, therefore, should provide the requested information. (Id.) Plaintiff's Motion is directed at "Defendants," generally, and does not specify who should provide the lists of employees. (ECF No. 24 at 2-3.) The Court will allow Defendants to determine among themselves how to provide the requested information in the most thorough and responsive manner. Plaintiff's request that Defendants be ordered to provide a list

of names, last known addresses, last known email addresses, and last known numbers for potential plaintiffs is GRANTED.

### C. Plaintiff's Request to Equitably Toll the Statute of Limitations Is Granted

Under the FLSA, a lawsuit to recover unpaid compensation must "be commenced within two years after the cause of action accrued," unless the action arose "out of a willful violation," in which case the statute of limitations is three years. 29 U.S.C. § 255(a). Equitable tolling is warranted only in extraordinary circumstances. Kutzback v. LMS Intellibound, LLC, 233 F.Supp.3d 623, 631 (W.D. Tenn. 2017). Because delays during the certification process often constitute extraordinary circumstances beyond plaintiffs' control, courts routinely authorize equitable tolling during the opt-in period. Id.; Penley v. NPC Int'l, 206 F.Supp.3d 1341, 1351 (W.D. Tenn. 2016); Teran v. Lawn Enforcement, Inc., No. 2:22-cv-02338-JTF-tmp, 2023 WL 4962397, at *3 (W.D. Tenn. May 18, 2023); Van Buren, 2022 WL 1632659, at *6); Archer v. Nabors Truck Serv., Inc., No. 16-cv-02610-JTF-tmp, 2018 WL 6574796, at *8 (W.D. Tenn. Oct. 12, 2018); Hodges v. Pac. Bells, LLC, No. 2:17-cv-02564-SHL-dkv, 2018 WL 6574793, at *5 (W.D. Tenn., Sept. 30, 2018); see also Clark, 68 F.4th at 1012 (Bush, J., concurring) (concurring in judgement and adding that "equitable tolling should be made available" to plaintiffs in FLSA actions).

The Sixth Circuit has identified five factors courts should

consider when determining whether equitable tolling is justified, including whether: (1) members of the opt-in class had actual knowledge of the filing requirements; (2) members had constructive knowledge of the filing requirements; (3) members diligently pursued their rights; (4) the defendant would be prejudiced by equitable tolling; and (5) it was reasonable for members of the opt-in class to be ignorant of the legal requirements related to filing. Townsend v. Soc. Sec. Admin., 486 F.3d 127, 132 (6th Cir. 2007).

This list is not exhaustive, and courts must consider any relevant factors on a case-by-case basis. Id. Considering the first factor, courts evaluate whether potential plaintiffs have actual notice of a pending collective action, rather than whether they have notice merely of the facts and circumstances giving rise to the FLSA claims. Kutzback, 233 F.Supp.3d at 629-30; Penley, 206 F.Supp.3d at 1349. Here, Defendants have filed responses requesting that they do not oppose the Motion. (ECF No. 25, 28.) They did not, however, discuss equitable tolling specifically or provide any relevant facts. (Id.) No party has stated facts suggesting that the potential plaintiffs had actual notice of the pending action.

Considering the second factor, opt-in plaintiffs have constructive notice of a pending suit when they have "knowledge that one using reasonable care or diligence should have."

Kutzback, 233 F.Supp.3d at 630.  One court has found that
generalized knowledge of wage-and-hour laws, such as from posters
in the workplace, is not constructive notice of a pending action.
Id.  Another court has found that potential plaintiffs lacked
constructive notice even where the named plaintiffs had created a
website about the suit, because the "passive website" did not
"notify visitors of the filing requirements."  Penley, 206
F.Supp.3d at 1349.  The Penley court cautioned against "imputing
nuanced and personalized knowledge" of the law to potential
plaintiffs.  Id. at 1349-50.  No party has stated facts suggesting
that the potential plaintiffs had constructive notice of the
action.

Considering the third factor, although the named plaintiffs
must seek conditional certification promptly, potential plaintiffs
are not expected to exercise any diligence in pursuing their claims
until they have been provided notice.  Kutzback, 233 F.Supp.3d at
630; Penley, 206 F.Supp.3d at 1350 (explaining that "the diligence
question does not apply to potential opt-in Plaintiffs" before
notice has been issued).  Here, a scheduling order was issued on
October 10, 2023, establishing a December 8 deadline for the
joinder of relevant parties.  (ECF No. 22.)  Plaintiff filed the
Motion on December 6, 2023.  (ECF No. 24.)  Because Plaintiff
sought conditional certification promptly and the potential
plaintiffs have not yet received notice, no further diligence is

required on their part. <u>Kutzback</u>, 233 F.Supp.3d at 630; <u>Penley</u>, 206 F.Supp.3d at 1350.

Considering the fourth factor, courts have found that defendants were not prejudiced by the tolling of the statute of limitations where they were on notice of the potential scope of their liability. <u>Kutzback</u>, 233 F.Supp.3d at 630-31; <u>Penley</u>, 206 F.Supp.3d at 1350. In his amended complaint, filed in July 2023, Plaintiff declared his intent to seek relief on behalf of all "hourly-paid employees who are or were employed by Defendant for the period of three years prior to the commencement of this action to the present, and who are not or were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week." (ECF No. 12 at 3 ¶ 17.) Moreover, "as the keeper of the employment records, [defendant is] presumably aware of the size of the potential Plaintiff pool and has had time to calculate the possible liability posed by the litigation." <u>Penley</u>, 206 F.Supp.3d at 1350.

Considering the fifth factor, potential plaintiffs' ignorance of their legal requirements is excused as reasonable if they have not yet received notice of the pending action. <u>Kutzback</u>, 233 F.Supp.3d at 630; <u>Penley</u>, 206 F.Supp.3d at 1350 (explaining that potential plaintiffs "who have not opted in cannot be said to be unreasonably ignorant, as no Court-approved notice has been issued to them"). Because potential plaintiffs have not yet received

notice, the fifth factor does not apply here. <u>Kutzback</u>, 233 F.Supp.3d at 630; <u>Penley</u>, 206 F.Supp.3d at 1350.

Because all of the applicable factors weigh in favor of equitably tolling the statute of limitations, Plaintiff's request is GRANTED. The statute of limitations for the putative class is tolled as of the date this action was filed.

**IV.  Conclusion**

Plaintiff's Motion is hereby GRANTED.  IT IS ORDERED that:

(1)  Plaintiff is hereby authorized to send notice of this matter to other employees, thus allowing those receiving notice to join this collective action as plaintiffs, with the eligible class of employees defined as follows: All individuals employed and paid by D&M from May 25, 2020 to present in jobs involving painting and construction, who were compensated on an hourly basis, and who were not paid an overtime premium for all hours worked in excess of forty hours in a work week;

(2)  Defendants are ordered to produce to Plaintiff's counsel within ten days of this Order a list containing the names, the last known addresses, last known email addresses, and phone numbers of all past and present hourly-paid employees employed by Defendants from May 25, 2020 to present, satisfying the class definition;

(3)   Plaintiffs are authorized to send notice, in the forms attached as Exhibits A and C to Plaintiff's Motion, and consent to join, in the form attached as Exhibit B to Plaintiff's Motion, to all individuals whose names appear on the list produced by Defendants' counsel by first-class mail and email so that those individuals can assert their claims on a timely basis as part of this litigation;

(4)   The statute of limitations for the putative class is tolled as of the date this action was filed; and

(5)   The opt-in plaintiffs' Consent Forms shall be deemed "filed" on the date they are postmarked.

IT IS ORDERED, this 31st day of May, 2024.


   */s/ Samuel H. Mays, Jr*
   SAMUEL H. MAYS, JR.
   UNITED STATES DISTRICT JUDGE

14